## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **QUENTIN BULLARD,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Civil No. PJM 06-1793** |
| | * | |
| **INTERNAL REVENUE SERVICE,**[1] | * | |
| | * | |
| **Defendant** | * | |
| | * | |

### <u>MEMORANDUM OPINION</u>

Plaintiff Quentin Bullard has brought suit against Defendant Internal Revenue Service ("IRS") seeking to enjoin it from levying on his wages to collect penalties on unpaid trust fund taxes as well as unpaid individual income taxes.   Bullard has submitted two requests to the Court, which the Court construes as a Motion for Preliminary Injunction [Paper No. 6] and a Motion to Stay Levy [Paper No. 10].  The United States opposes both motions.  For the reasons set forth below, the Court DENIES the Motions.

### I.

This case arises principally out of the failure of AMC Security Corporation to pay federal employment taxes for the third and fourth quarters of 1996.  According to the IRS, at all relevant times Bullard was a "person" required to collect, truthfully account for and pay over these taxes

---

[1]  The United States argues that the IRS is not the proper defendant in this matter and further that there was no proper service upon the United States, which is the proper party.  Now that the United States has appeared and answered, however, the Court finds that it is the proper party and is properly in the case.

within the meaning of 26 U.S.C. § 6672(a).[2]   Based on AMC's failure to pay the taxes, the IRS assessed against Bullard trust fund penalties totaling $678,878.04 for the third quarter and $5,669.45 for the fourth quarter. On December 12, 2003, the IRS imposed a levy on Bullard's wages to collect the outstanding penalties, as well as Bullard's individual unpaid income taxes for the years 1995, 1996 and 2000.  Bullard has maintained from the outset that he was only an employee of AMC and, as such, should not be held responsible for the trust fund penalties.

After receiving notice of the levy, however, Bullard evidently did not invoke his right under 26 U.S.C. § 6330[3] to a collection due process hearing ("CDP Hearing").[4]  Instead, he filed a claim for a tax refund with the IRS, challenging the corporation's liabilities.  After the IRS denied his claim, Bullard participated in a conference with a Service Appeals Officer, but the parties were unable to reach resolution.  Thereafter, on July 17, 2006, Bullard filed this suit seeking a permanent injunction against the levy, a refund of the amounts paid toward the trust fund liabilities, and unspecified damages.

The United States opposes Bullard's Motion for Preliminary Injunction and Motion to Stay

---

[2]  "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."  *Id.*

[3]  "No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made."  *Id.* § 6330(a).

[4]  The United States has submitted what appears to be a paper from Bullard containing a reference to a request for a CDP Hearing.  Specifically, under the heading "Conclusion," it is written, "Taxpayer's Power of Attorney is enclosed along with Claim Form 12153, Request for A Collection Due Process Hearing."  Because the parties have not argued the point, the Court assumes that the request was not otherwise valid.

on grounds the Court finds convincing.

## II.

The United States is entitled to sovereign immunity unless it consents to be sued. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). Not only is such consent lacking here, but an outright prohibition from suit obtains: The Anti-Injunction Act deprives the Court of jurisdiction to enjoin the ability of the IRS to assess and collect taxes. *See* 26 U.S.C. § 7421 ("Anti-Injunction Act"). Specifically, the Act provides that, aside from specifically enumerated exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." *Id.* § 7421(a). This language aims to "withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 5 (1962).

None of the statutory exceptions to the Anti-Injunction Act apply to this case; Bullard either failed to invoke them or they do not cover the trust fund penalties at issue. For example, Bullard is not entitled to the exception of 26 U.S.C. § 6330(e)(1), which provides that if the taxpayer requests a CDP hearing, "the levy actions which are the subject of the requested hearing . . . shall be suspended for the period during which such hearing, and appeals therein, are pending." *Id.* There is no evidence that Bullard appropriately requested a CDP Hearing.[5]

Similarly, the exception of § 6331(i), which prohibits the IRS from levying on a taxpayer's funds to recover a divisible tax such as trust fund penalties, "during the pendency of any proceeding" brought by the taxpayer in federal court for the recovery of the tax does not apply. *Id.* § 6331(i)(1).

---

[5] *See supra* note 4.

3

The exception applies exclusively to "unpaid tax attributable to taxable periods beginning after December 31, 1998." Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3433, 112 Stat. 685, 760 (1998). The taxes at issue arose in 1996 and the penalties were assessed in 1997 in advance of the effective date of this exception. Thus, Bullard's reliance on the boilerplate language in a letter from the IRS suggesting that collection activities would be suspended at the initiation of a lawsuit is misplaced because that language only relates to liabilities which arose after December 31, 1998.

Further, Bullard may not invoke § 6672(c)(1), which prohibits the IRS from imposing a levy to collect trust fund penalties if the taxpayer either pays the necessary amount to commence a refund action, files a refund claim or posts a bond within thirty days of receiving notice. Bullard paid no amounts and posted no bond within 30 days of receiving notice of the penalties assessed against him.

Further, the limited common law exceptions to the Anti-Injunction Act are inapplicable. This case is not one in which the taxpayer has no "legal way to challenge the validity of the tax." *See South Carolina v. Regan*, 465 U.S. 367, 373 (1984). Indeed, Bullard may sue in federal court for a tax refund or for damages <u>once he has satisfied the prerequisites for bringing suit</u>. Nor is this a case where "it is clear that under no circumstances could the Government ultimately prevail." *Enochs*, 370 U.S. at 7. The trust fund penalties assessed against Bullard are by law presumptively valid. *See, e.g., Welch v. Helvering,* 290 U.S. 111, 115 (1933). Finally, Bullard's alleged financial hardship, in and of itself, is not sufficient to justify an injunction. *See U.S. v. Am. Friends Serv. Comm.*, 419 U.S. 7, 11 (1974) (holding that allegations of irreparable harm were insufficient for injunction).

4

**III.**

For these reasons, Plaintiff's Motion for Preliminary Injunction [Paper No. 6] and  Motion to Stay Levy  [Paper No. 10] are DENIED.[6]

A separate Order will be ENTERED.


_____/s/_____
**PETER J. MESSITTE**
**September 22, 2006**                    **UNITED STATES DISTRICT JUDGE**

---

[6] On the basis of the Court's ruling, it appears that the case may no longer be viable in any respect.  If so, the United States is urged to promptly file an appropriate Motion for Dismissal and/or for Summary Judgment.

5